**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY VANDERHOEF, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CHINA AUTO LOGISTICS INC., TONG SHIPING, and WANG XINWEI,<br><br>    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tracy Vanderhoef ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding China Auto Logistics Inc. ("China Auto" or the "Company"), analysts' reports and advisories about the Company, and information readily

obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired publicly traded securities of China Auto between March 28, 2017 and April 13, 2018, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws (the "Class").

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.     Venue is proper in this judicial district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as the alleged misstatement entered, and the subsequent damages took place within this District.

5.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the attached Certification, acquired China Auto securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7.      Defendant China Auto sells and trades in imported automobiles in the People's Republic of China. China Auto's principal executive offices are located in the People's Republic of China (the "PRC"). China Auto securities trade on the NASDAQ under the ticker symbol "CALI."

8.      Defendant Tong Shiping ("Shiping") has served as the Company's Chief Executive Officer ("CEO") and a director during the Class Period.

9.      Defendant Wang Xinwei ("Xinwei") has served as the Company's Chief Financial Officer ("CFO"), Treasurer, Vice President and a director during the Class Period.

10.     Defendants Shiping and Xinwei are sometimes referred to herein as the "Individual Defendants."

11.     Each of the Individual Defendants:

•   directly participated in the management of the Company;

•   was directly involved in the day-to-day operations of the Company at the highest levels;

•   was privy to confidential proprietary information concerning the Company and its business and operations;

•   was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

- was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

- was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

- approved or ratified these statements in violation of the federal securities laws.

12.     China Auto is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

13.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to China Auto under *respondeat superior* and agency principles.

14.     Defendant China Auto and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

15.     On March 28, 2017, China Auto filed an annual report on Form 10-K for the fiscal year ended December 31, 2016 (the "2016 10-K") with the SEC, which provided the Company's annual financial statements and position. The 2016 10-K was signed by Defendants Shiping and Xinwei. The 2016 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Shiping and Xinwei attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

16.     In the 2016 10-K, the Company identified a material weakness in its internal controls over financial reporting relating to a "lack of sufficient accounting personnel with an appropriate understanding of US GAAP and SEC reporting requirements."

17.     The 2016 10-K listed the following related party transactions:

(**13**)          **Related Party Balances and Transactions**

Ms. Cheng Weihong (the Senior Vice President and Chairwoman of Shisheng and wife of China Auto's President and Chief Executive Officer, Mr. Tong Shiping) made non-interest bearing loans to the Company from time to time to meet working capital needs of the Company. For the years ended December 31, 2016 and 2015, the Company made aggregate borrowings from Ms. Cheng Weihong of $686,185 and $599,120, respectively, and made repayments of $0 and $454,280 to Ms. Cheng Weihong. As of December 31, 2016 and 2015, the outstanding balances due to Ms. Cheng Weihong were $1,550,745 and $722,028, respectively.

The Company's former shareholder, Sino Peace Limited, paid certain accrued expenses in the previous years on behalf of the Company. The amounts of $1,956,625 and $2,093,182 were outstanding as payable related to prior years' professional fees on the consolidated balance sheets as of December 31, 2016 and 2015, respectively. In January 2015, December 2016, and February 2017, the Company received notification from an individual who claimed to be the owner of St. George International Limited ("St. George") and made a claim that the debt owed to Sino Peace by the Company had been transferred to St. George. However, the Company neither received any evidence to support such assignment nor any notification from the owner of Sino Peace that Sino Peace was transferring its legal right of collecting the receivable from the Company to St. George.   The Company has been unable to locate the owner of Sino Peace to confirm such transfer and therefore considers such claim by St. George legally unbinding at this time.

The balances as discussed above as of December 31, 2016 and 2015 are interest-free, unsecured and have no fixed term of repayment. During the years ended December 31, 2016 and 2015, there was no imputed interest charged in relation to these balances.

On September 1 2015, the Company and Tongshang Kai Li (Tianjin) Automobile Import Export Company Limited ("Tongshang Kai Li") entered into a Loan Agreement (the "Loan Agreement"). Pursuant to the terms of the Loan Agreement, Tongshang Kai Li advanced funds, at an annual interest rate of 15%, to the Company for the Company's short term working capital needs until December 31, 2015; the expiration date of the Loan Agreement. During the year ended December 31, 2015, the Company borrowed a total of $1,457,982 which incurred interest of

$148,534. As of December 31, 2015 there were no outstanding balances due to Tongshang Kai Li as all amounts were repaid.

Tongshang Kai Li is 51% owned by Tianjin Kai Li Xing Kong Real Property Limited Co. ("Tianjin Kai Li"), and 49% owned by Ningbo Tong Shang Rong Chuang Investment Limited Co.. Ms. Cheng Weihong, a Director and Senior Vice President of the Company, owns 99% of Tianjin Kai Li. Therefore, Ms. Cheng Weihong has 50.49% of beneficial ownership in Tongshang Kai Li.

Mr. Tong Shiping and Ms. Cheng Weihong personally guarantee borrowings on various lines of credit related to our financing services and short-term borrowings.

18.    The statements referenced in ¶¶15-17 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) China Auto failed to maintain adequate internal controls over identifying and reporting certain relationships and related transactions; and (2) as a result, Defendants' public statements were materially false and misleading at all relevant times.

### The Truth Begins to Emerge

19.    On April 2, 2018, before market-open, China Auto reported on Form NT 10-K that: (1) it was unable to timely file its Form 10-K for the period ended December 31, 2017 with the SEC because it needed extra time to "identify certain related party transactions"; and (2) it "identified a material weakness in internal controls and procedures over identifying and reporting certain relationships and related transactions." The release stated, in pertinent part:

The Registrant is unable to file its Annual Report on Form 10-K for the period ended December 31, 2017 within the prescribed time period without unreasonable effort and expense because extra time is needed to identify certain related party transactions and the impact of such transactions for the preparation of the financial statements for the Form 10-K.

The Registrant identified a material weakness in internal controls and procedures over identifying and reporting certain relationships and related transactions. This material weakness in the control environment contributed to delays in compiling the information for the preparation of the financial statements and disclosure involving related transactions for the Form 10-K which could not be eliminated without unreasonable effort or expense.

The Registrant has determined that the identified material weakness would impact its disclosures in the financial statements and Form 10-K but expects to correct this material weakness by implementing additional procedures in the first half of 2018. The Registrant is working diligently with its auditors to complete its Annual Report on Form 10-K and expects to file its Form 10-K no later than fifteen days following its prescribed due date.

20.     On this news, the Company's shares fell $0.66 or over 19% to close at $2.79 on April 2, 2018.

21.     Further, on April 10, 2018, before market-open, China Auto announced in a Form 8-K filed with the SEC that its "Audit Committee deemed it advisable" to initiate an investigation into allegations of related party transactions from a Company shareholder. The Company's release stated, in pertinent part:

After receiving allegations of related party transactions from a shareholder of the Registrant, the Audit Committee deemed it advisable to initiate an investigation into such allegations (the "Investigation"). The Registrant is in the process of retaining independent counsel to assist with the Investigation and intends to cooperate fully with the Investigation.

As a result of the foregoing, the Registrant's Form 10-K for the period ended December 31, 2017 (the "Form 10-K") due to be filed on April 17, 2018 will be delayed. Once the Investigation is completed the Registrant plans to file the Form 10-K.

22.     On this news, the Company's shares fell $0.04 or 1.4% to close at $2.79 on April 10, 2018.

23.     Then, on April 13, 2018, after-hours, China Auto filed a Form 8-K with the SEC reporting that its stock faced potential delisting from NASDAQ for the Company's failure to timely file a Form 10-K for the period ended December 31, 2017. The Company also reported

that the Audit Committee's investigation was "the reason for the Company's inability to timely file its Form 10-K." The release stated, in pertinent part:

> **Notice of Delisting or Failure to Satisfy a Continued Listing Rule or Standard; Transfer of Listing.**
>
> On April 10, 2018, China Auto Logistics Inc. (the "Company") received notification from the Listing Qualifications Department of The Nasdaq Stock Market, Inc. ("Nasdaq") that, as a result of the Company's inability to file its Annual Report on Form 10-K for the period ended December 31, 2017 (the "Form 10-K") by the expiration of the extension period under Rule 12b-25 promulgated under the Securities Exchange Act of 1934, as amended, the Company no longer complies with the timely filing requirements for continued listing under Rule 5250(c)(1) of the Nasdaq Listing Rules (the "Rules").
>
> Under the Rules, the Company has 60 calendar days, or until June 11, 2018, to submit a plan to regain compliance with the Rules (a "Plan") and, if the Plan is accepted by Nasdaq, then Nasdaq may grant an extension until October 15, 2018 for the Company to regain compliance. If Nasdaq does not accept the Plan, then the Company may appeal such decision to a Nasdaq Hearings Panel.
>
> As disclosed in a Current Report on Form 8-K filed on April 10, 2018, the Audit Committee of the Company's Board of Directors has initiated an independent investigation, which investigation is the reason for the Company's inability to timely file its Form 10-K. The Company intends to fully cooperate with the investigation and, once completed, file the Form 10-K as soon as practicable thereafter. The Company also intends to submit a Plan to Nasdaq within the time period set forth above, including details on the investigation and its results, and take any other steps necessary to regain compliance with the Rules.

24.     On this news, the Company's shares fell $0.24 or over 8.9% to close at $2.45 on April 16, 2018.

### Additional Post-Class Period Revelations

25.     On May 16, 2018, China Auto reported in a Form 8-K filed with the SEC that it was unable to timely file its Form 10-Q for the quarter ended March 31, 2018 due to the Audit Committee's investigation into the related party transactions. The Company also reported that it "retained independent counsel to assist with the Investigation." The release stated, in pertinent part:

> As disclosed on the Current Report on Form 8-K filed on April 10, 2018, after receiving allegations of related party transactions from a shareholder of the

Registrant, the Audit Committee deemed it advisable to initiate an investigation into such allegations (the "Investigation"). The Audit Committee has retained independent counsel to assist with the Investigation and the Company intends to cooperate fully with the Investigation.

As a result of the foregoing Investigation, the Registrant is unable to file its Quarterly Report on Form 10-Q for the period ended March 31, 2018 within the prescribed time period because extra time is needed to complete the Investigation and identify the impact of certain transactions for the preparation of the financial statements for the Form 10-Q.

While the Registrant is working diligently with its auditors and independent counsel to complete its Quarterly Report on Form 10-Q, the Registrant does not expect to file its Form 10-Q before the fifth calendar day following the prescribed date.

26.    On June 1, 2018, China Auto filed a Form 8-K with the SEC, reporting that its stock faced potential delisting from NASDAQ for the Company's failure to timely file a Form 10-Q for the period ended March 31, 2018 and the previously disclosed Form 10-K for the period ended December 31, 2017. The release stated, in pertinent part:

**Notice of Delisting or Failure to Satisfy a Continued Listing Rule or Standard; Transfer of Listing**.

On May 29, 2018, China Auto Logistics Inc. (the "Company") received notification from the Listing Qualifications Department of The Nasdaq Stock Market, Inc. ("Nasdaq") that, as a result of the Company's inability to file its Quarterly Report on Form 10-Q for the period ended March 31, 2018 (the "Form 10-Q") and, as previously disclosed, its Annual Report on Form 10-K for the period ended December 31, 2017 (the "Form 10-K") by the expiration of the applicable extension periods under Rule 12b-25 promulgated under the Securities Exchange Act of 1934, as amended, the Company does not comply with the timely filing requirements for continued listing under Rule 5250(c)(1) of the Nasdaq Listing Rules (the "Rules").

As previously disclosed in a Current Report on Form 8-K filed on April 13, 2018, the Company has until June 11, 2018, to submit a plan to regain compliance with the Rules (a "Plan") and, if the Plan is accepted by Nasdaq, then Nasdaq may grant an extension until October 15, 2018 for the Company to regain compliance. If Nasdaq does not accept the Plan, then the Company may appeal such decision to a Nasdaq Hearings Panel.

As disclosed in a Current Report on Form 8-K filed on April 10, 2018, the Audit Committee of the Company's Board of Directors has initiated an independent investigation, which investigation is the reason for the Company's inability to

timely file its Form 10-K and Form 10-Q. The Company intends to fully cooperate with the investigation and, once completed, file the Form 10-K and the Form 10-Q as soon as practicable thereafter. The Company also intends to submit a Plan to Nasdaq within the time period set forth above, including details on the investigation and its results, and take any other steps necessary to regain compliance with the Rules.

27.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

28.      Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired China Auto securities publicly traded on NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

29.      The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, China Auto securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by China Auto or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

30. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

31. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

32. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of China Auto;

- whether the Individual Defendants caused China Auto to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of China Auto securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

33.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

34.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- China Auto securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold China Auto securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

35.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

36.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

**<u>COUNT I</u>**
**Violation of Section 10(b) of The Exchange Act and Rule 10b-5**
**<u>Against All Defendants</u>**

37.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

38.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

39.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of China Auto securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire China Auto securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

40. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for China Auto securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about China Auto' finances and business prospects.

41. By virtue of their positions at China Auto, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

42. Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of China Auto securities from their personal portfolios.

43. China Auto showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of China Auto, the Individual Defendants had knowledge of the details of China Auto' internal affairs.

44.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of China Auto. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to China Auto' businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of China Auto securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning China Auto' business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired China Auto securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

45.     During the Class Period, China Auto securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of China Auto securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of China Auto securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of China Auto securities declined

sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

46.    By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

47.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II
### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

48.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49.    During the Class Period, the Individual Defendants participated in the operation and management of China Auto, and conducted and participated, directly and indirectly, in the conduct of China Auto' business affairs. Because of their senior positions, they knew the adverse non-public information about China Auto' current financial position and future business prospects.

50.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to China Auto' business practices, and to correct promptly any public statements issued by China Auto which had become materially false or misleading.

16

51.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which China Auto disseminated in the marketplace during the Class Period concerning the Company's business, operational and accounting policies. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause China Auto to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of China Auto within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of China Auto securities.

52.     Each of the Individual Defendants, therefore, acted as a controlling person of China Auto. By reason of their senior management positions and/or being directors of China Auto, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, China Auto to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of China Auto and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

53.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by China Auto.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.      Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: June 5, 2018                          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/Laurence M. Rosen
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*