**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| TRACY VANDERHOEF, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff<br><br>v.<br><br>CHINA AUTO LOGISTICS INC., TONG SHIPING, and WANG XINWEI,<br><br>    Defendants. | Civil Action No.<br>2:18-cv-10174-CCC-SCM<br><br>**OPINION AND ORDER ON PLAINTIFF'S MOTIONS FOR ALTERNATIVE SERVICE**<br><br>**[D.E. 41, 46]** |

**STEVEN C. MANNION,** United States Magistrate Judge,

Before the Court are the Motions by Lead Plaintiffs, Zengyu He, Harold Brooks Moss, and Andrew Pagliara ("He Plaintiffs") for Alternative Service on Defendants Tong Shiping, Cheng Weihong, Wang Xinwei, Lv Fuqi, Bai Shaoha and Yang Lili ("China Defendants") and Defendant Howard Barth by serving counsel representing each of the defendants in another action.[1] The Court has fully reviewed the submissions of the parties and heard oral argument from counsel on November 4, 2019. For the reasons set forth herein, the He Plaintiffs' motions are hereby **GRANTED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

The He Plaintiffs bring this federal securities class action against China Auto Logistics, Inc. ("China Auto") and the China Defendants on behalf of the putative class consisting of all

---

[1] (ECF Docket Entry No. (D.E.) 41 and 46, Pl.'s Mot. for Alternative Service).

1

persons and entities who possessed publicly traded securities of China Auto between March 28, 2017 and September 5, 2018.[2] The China Defendants are officers and directors of China Auto.[3]

On April 6, 2018, a separate action was filed against the China Defendants in the District of Nevada.[4] U.S. based counsel at the law firm Kemp, Jones & Coulthard, LLP represent the China Defendants in the Nevada Action.[5] In January 2019, China Auto's counsel provided the China Defendants' addresses in the People's Republic of China ("China").[6] The He Plaintiffs then submitted "[a]ll [the] requisite [service] forms and papers" to China's Central Hague Authority pursuant to the Hague Convention ("Convention").[7]

On April 25, 2019, the He Plaintiffs filed the current Motion for Alternative Service pursuant to Rule 4(f)(3).[8] The He Plaintiffs assert that service on the China Defendants' U.S. based counsel in the Nevada Action will provide constitutionally adequate notice.[9] The He Plaintiffs further argue that service on the China Defendants through other means is unduly burdensome.[10]

---

[2] (D.E. 17, Pl.'s Amend. Compl. at ¶ 1).

[3] (D.E. 17, Pl.'s Amend. Compl. at ¶ 27-33).

[4] (D.E. 17, Pl.'s Amend. Compl. at ¶ 8).

[5] (D.E. 45, Pl.'s Reply to Resp. to Mot. for Alternative Service at 12-13); (D.E. 42, Pl.'s Mem. in Support at 3).

[6] (D.E. 42, Pl.'s Mem. in Support at 2-3).

[7] *Id.*

[8] (D.E. 41, Pl.'s Mot. for Alternative Service at 2).

[9] (D.E. 41, Pl.'s Mot. for Alternative Service at 2).

[10] (D.E. 41, Pl.'s Mot. for Alternative Service at 2).

On May 6, 2019, the China Defendants filed their Brief in Opposition, requesting the motion be denied.[11] The China Defendants aver that the He Plaintiffs failed to make a good faith attempt to serve them under the Convention, and that their U.S. counsel is not authorized to accept service on their behalf.[12]

On May 13, 2019, the He Plaintiffs filed a Reply within which they argue that the Convention is only mandatory when service of process occurs in a foreign jurisdiction.[13] The He Plaintiffs aver that Rule 4(f)(3) does not require the China Defendants to authorize their U.S. counsel to accept service as long as the service comports with due process requirements.[14] On July 5, 2019, the He Plaintiffs filed the current Motion for Alternative Service pursuant to Rule 4(f)(3) with respect to Defendant Barth.[15] The July 5th motion largely mirrors the April 25th motion, asserts that service on the Barth's U.S. based counsel in the Nevada Action will provide constitutionally adequate notice.[16] On July 5, 2019, Plaintiffs filed an Affidavit in Support of the Motion for Alternative Service on Defendant Barth, stating that despite hiring a local process server, in compliance with the Hague Convention in Canada, Plaintiffs were unable to successfully serve Defendant Barth at the provided address in Ontario.[17]

---

[11] (D.E. 44, Def.'s Br. In Opp'n).

[12] (D.E. 44, Def.'s Br. In Opp'n).

[13] (D.E. 45, Pl.'s Reply to Resp. to Mot. for Alternative Service).

[14] (D.E. 45, Pl.'s Reply to Resp. to Mot. for Alternative Service).

[15] (D.E. 46, Pl.'s Mot. for Alternative Service).

[16] (*Id.*).

[17] (D.E. 48, Affidavit).

On August 23, 2019, the He Plaintiffs received and filed certificates of non-service from the Chinese authorities with respect to Defendants Tong Shiping, Cheng Weihong, Bai Shaohua, and Lv Fuqi at the addresses provided by CALI, stating there was "no such person and company at the address provided."[18] On November 5, 2019, the He Plaintiffs similarly received and filed certificates of non-service with respect to Defendants Wang Xinwei and Yang Lili, stating that Lili does not live at the address provided, the house located there has been demolished, and the process server was unable to serve Xinwei after multiple attempts.[19] Further, the He Plaintiffs claim that no one who resides at the addresses provided has ever heard of the respective Defendants, at least one address has been unoccupied for a least a year, and Plaintiffs know of no other addresses for the Defendants.[20]

## II. <u>MAGISTRATE JUDGE AUTHORITY</u>

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[21] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[22] Decisions by magistrate judges must ordinarily be upheld unless "clearly erroneous or contrary to law,"[23] but where the decision concerns a non-

---

[18] (D.Es. 54, 55, 56, 57).

[19] (D.E. 61; D.E. 62, Letter).

[20] (D.E. 58, Letter; D.E. 62, Letter).

[21] 28 U.S.C. § 636(b)(1)(A).

[22] L. Civ. R. 72.1(a)(1); 37.1.

[23] § 636(b)(1)(A).

dispositive matter such as a discovery dispute, the ruling "is entitled to great deference and is reversible only for abuse of discretion."[24]

III. **DISCUSSION AND ANALYSIS**

Federal Rule of Civil Procedure 4(f) governs service of process upon individuals in foreign countries. Rule 4(f)(1) states that "[u]nless federal law provides otherwise, an individual…may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention."[25] Under Rule 4(f)(3), a court has discretionary authority to order service on an individual "not within any judicial district of the United States . . . by other means not prohibited by international agreement...."[26] "Federal courts have permitted alternative means of service in cases where it would be 'futile' to attempt to comply with Hague Convention approved means of service."[27] "Service pursuant to Rule 4(f)(3) is 'neither a last resort nor extraordinary relief ... [i]t is merely one means among several which enables service of process on an international defendant.'"[28]

---

[24] *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 63-64 (D.N.J. 1996); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

[25] Fed. R. Civ. Pro. 4(f)(1).

[26] Fed. R. Civ. Pro. 4(f)(3); *see Celgene Corp. v. Blanche Ltd.*, Civ. A. No. 16-501 (SDW) (LDW), 2017 U.S. Dist. LEXIS 35126, at *4-5 (D.N.J. Mar. 9, 2017).

[27] *SEC v. Dubovoy*, no. 15cv6076(MCA)(MAH), 2016 WL 7217607, at (D.N.J. Dec. 13, 2016).

[28] *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 U.S. Dist. LEXIS 129870, at *8-9 (E.D. Pa. Dec. 7, 2010) (quoting *Rio Props., v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

5

Courts have granted motions for alternative service when the movant shows: (a) there is no international agreement prohibiting service by the proposed method; (b) the proposed method of service is reasonably calculated to provide the defendant notice; and (c) they have made a good faith effort to locate and serve defendants by traditional means.[29] For alternative service to comport with due process requirements, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[30] Rule 4(f) does not limit the availability of alternative service pursuant to Rule 4(f)(3) to circumstances where other means of service would be unduly burdensome.[31] The district court maintains the discretionary authority to determine whether the particularities and necessities of a case warrant alternative service.[32]

The He Plaintiffs' proposed method of alternative service on the China Defendants' U.S. counsel is not prohibited by international law, specifically the Convention, of which the United States and China are both signatories.[33] The Convention was ratified with the objective of streamlining the procedure by which "judicial and extrajudicial documents… [are] *served*

---

[29] *E.g., Celgene Corp. v. Blanche Ltd.*, Civ. A. No. 16-501 (SDW) (LDW), 2017 U.S. Dist. LEXIS 35126, at *6 (D.N.J. Mar. 9, 2017).

[30] *Rio Props., v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

[31] *Id. at* 1014-15; *see Zhang v. Baidu.Com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013); *see Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012).

[32] *Rio Props.*, 284 F.3d at 1016; *see also Celgene Corp. v. Blanche Ltd.*, Civ. A. No. 16-501 (SDW) (LDW), 2017 U.S. Dist. LEXIS 35126, at *5 (D.N.J. Mar. 9, 2017); see also *Bravetti v. Liu*, Civ. A. No. 3:12-cv-7492-MAS-TJB, 2013 U.S. Dist. LEXIS 175060, at *7-8 (D.N.J. December 11, 2013).

[33] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 9432.

*abroad.*[34] Courts have held that the Convention is not relevant when the proposed method of alternative service is to be effectuated domestically.[35] In *Volkswagenwerk Aktiengesellschaft v. Schlunk*, the Supreme Court clarified that "[t]he only transmittal to which the Convention applies is a transmittal abroad . . . [and] [w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications."[36] The District of New Jersey in *Bravetti v. Liu* held that the Convention did not apply because the foreign individuals' addresses in that case were unknown and "the Hague Convention does not apply [when the] proposed method of service does not require the transmittal of documents abroad."[37] Similarly, the Southern District of New York in *In re GLG Tech Corp. Securities Litigation* allowed alternative service on a foreign defendant's counsel, stating it "would not run afoul of the Hague Convention since . . . no documents would be transmitted abroad."[38]

The China Defendants incorrectly assert that the He Plaintiffs "seek ... to circumvent the requirements of the Convention...."[39] The He Plaintiffs' proposed method of service is not

---

[34] *Id.* (emphasis added).

[35] *See Bravetti v. Liu*, Civ. A. No. 3:12-cv-7492-MAS-TJB, 2013 U.S. Dist. LEXIS 175060, at *9 (D.N.J. December 11, 2013); *see Zhang v. Baidu.Com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013).

[36] *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988); *see also Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11 - 9495 PSG (JCGx), 2012 U.S. Dist. LEXIS 170921, at *7 (C.D. Cal. Nov. 30, 2012); *see also Bravetti v. Liu*, Civ. A. No. 3:12-cv-7492-MAS-TJB, 2013 U.S. Dist. LEXIS 175060, at *9 (D.N.J. December 11, 2013).

[37] *Bravetti*, 2013 U.S. Dist. LEXIS 175060, at *9.

[38] 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (citing *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 703).

[39] (D.E. 44, Def.'s Br. in Opp'n, at 5).

governed by the Convention because it does not require the delivery of documents abroad. Rather, the He Plaintiffs seek an order permitting service on the China Defendants' U.S. counsel. Because the He Plaintiffs do not seek transmittal of service abroad, alternative service on the China Defendants' U.S. counsel pursuant to Rule 4(f)(3) is not prohibited by the Convention.

Complying with the Hague would unnecessarily delay this case. Here, the He Plaintiffs have established they have made efforts to serve the China Defendants personally, by having an investigator research potential addresses and by attempting to serve them at the addresses associated with them. The He Plaintiffs have actually attempted to comply with the Hague with respect to the Chinese Defendants and Defendant Barth, both to no avail.[40] Even so, "nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)."[41]

In similar situations where parties have requested alternative service on foreign defendants, courts have held that such service is permitted especially when the person's address is unknown.[42] Of primary concern is unnecessarily delaying the litigation.[43] Here, the He Plaintiffs have unsuccessfully attempted to serve Defendants at the last known addresses provided by CALI. The affidavits and certificates of non-service indicate that the Defendants do

---

[40] (D.Es. 54-57, 61) (indicating that attempts to serve each of the defendants at the provided addresses failed).

[41] *In re GLG Life Tech Corp. Securities Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012).

[42] *See Bravetti*, 2013 U.S. Dist. LEXIS 175060, at *3; *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D.V.A. 2005); *GLG Life Tech Corp.*, 287 F.R.D. 262; *but see Baliga on behalf of Link Inc. v. Motion Inc.*, 385 F.Supp. 3d 212 at 220 (S.D.N.Y. 2019).

[43] *Id.* at 266 (finding the six- to eight-month length of time required for service under the Hague on a defendant in China to be an unnecessary delay).

8

not reside at the respective addresses, therefore the addresses are unknown. Like the court in *Bravetti* and *GLG*, this Court finds that attempting to locate the Defendants' current addresses and serve them under the Hague would unnecessarily delay this litigation.

Finally, the He Plaintiffs' proposed alternative service through U.S. counsel appears reasonably calculated to provide the China Defendants notice. To comply with the due process, the He Plaintiffs' requested method of service needs to be "reasonably calculated ... to apprise [the China Defendants] of the pendency of the action and afford them an opportunity to present their objections."[44] The China Defendants cite *Gateway Overseas v. Nishat (Chunian) Ltd.* to argue that service on their U.S. counsel would not be proper because they are not authorized to accept service on their behalf.[45] *Gateway* is distinguishable.

In *Gateway*, the court held the plaintiff's service was insufficient because the individual served was a mere business associate of the defendant.[46] In *Bravetti v. Liu*, the court stated that "[a] registered agent may properly serve a foreign defendant by effecting service on [their] domestic counsel...."[47] In *Marlabs Inc. v. Jakher*, the court held service effectuated through a foreign defendant's U.S. counsel comported with due process because the implicit contact with one another was enough to place the defendant on notice.[48] The court in *GLG Life Tech Corp.*

---

[44] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

[45] (D.E. 44, Def.'s Mem. in Opp'n to Mot. for Alternative Service, at 6-10).

[46] *Gateway Overseas v. Nishat (Chunian) Ltd.*, No. 05 CV 4260 (GBD), 2006 WL 2015188, at *2-4 (S.D.N.Y. July 13, 2006).

[47] *Bravetti*, 2013 U.S. Dist. LEXIS 175060, at *10 (quoting *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D. Cal. 2012).

[48] *Marlabs Inc. v. Jakher*, Civ. A. No. : 07-cv-04074 (DMC)(MF), 2010 U.S. Dist. LEXIS 39557, at *8 (D.N.J. Apr. 22, 2010).

also noted that "a party seeking leave to serve an individual by counsel must show adequate communication between the individual and the attorney."[49] Courts have consistently held that service pursuant to Rule 4(f)(3) is proper when effectuated on a foreign individual's U.S. counsel[50] if there is regular contact between the two,[51] regardless of whether they have been explicitly provided the authority to do so.[52] In *Knit With v. Knitting Fever*, the court found the U.S. counsel's multiple briefs and filings on behalf of a foreign defendant sufficed as regular contact.[53] Here, beyond briefs and filings, the He Plaintiffs assert, and the China Defendants do not deny, that the China Defendants are currently engaged in the Nevada Action through the U.S. counsel to be served.[54] The He Plaintiffs' requested service through the China Defendants' U.S.

---

[49] *GLG Life Tech Corp.*, 287 F.R.D. at 267.

[50] *See Bravetti v. Liu*, Civ. A. No. 3:12-cv-7492-MAS-TJB, 2013 U.S. Dist. LEXIS 175060, at *10 (D.N.J. December 11, 2013); *see In re Heckmann Corp. Sec. Litig.*, No. 10-378-LPS-MPT, 2011 U.S. Dist. LEXIS 134402, at *12 (D. Del. Nov. 22, 2011); *see Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11 - 9495 PSG (JCGx), 2012 U.S. Dist. LEXIS 170921, at *9 (C.D. Cal. Nov. 30, 2012).

[51] *In re Heckmann Corp. Sec. Litig.*, No. 10-378-LPS-MPT, 2011 U.S. Dist. LEXIS 134402, at *13-15 (D. Del. Nov. 22, 2011) ("4(f) due process concerns are satisfied so long as there is regular contact between the attorney and the defendant").

[52] *See Bravetti v. Liu*, Civ. A. No. 3:12-cv-7492-MAS-TJB, 2013 U.S. Dist. LEXIS 175060, at *10 (D.N.J. December 11, 2013); *see Marlabs Inc. v. Jakher*, Civ. A. No. : 07-cv-04074 (DMC)(MF), 2010 U.S. Dist. LEXIS 39557, at *8 (D.N.J. Apr. 22, 2010); *see Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11 - 9495 PSG (JCGx), 2012 U.S. Dist. LEXIS 170921, at *9 (C.D. Cal. Nov. 30, 2012); *see In re Heckmann Corp. Sec. Litig.*, No. 10-378-LPS-MPT, 2011 U.S. Dist. LEXIS 134402, at *12 (D. Del. Nov. 22, 2011).

[53] *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 U.S. Dist. LEXIS 129870, at *14 (E.D. Pa. Dec. 7, 2010).

[54] (D.E. 45, Pl.'s Reply to Resp. to Mot. for Alternative Service at 8-9).

counsel in the Nevada Action is reasonably calculated to apprise them of the current action against them and therefore satisfies due process requirements.

IV. **CONCLUSION**

For the reasons set forth herein, the Court **GRANTS** the He Plaintiffs' Motions for Alternative Service pursuant to Rule 4(f)(3).

IT IS ORDERED that:

1. Plaintiffs may effect service on Defendant Howard Barth by mailing a copy of the Amended Class Action Complaint For Violations of Federal Securities Laws (D.E. 17) and summons to the counsel who are representing Mr. Barth in a related derivative action, *Barna Capital Group Ltd. v. Shiping, et al.*, Case No. A-18-772474-B (Nev. Dist. Ct. Clark Cnty.), Joni Jacobsen, Esq. and Christopher Burrichter, Esq. of the law firm, Dechert LLP; and it is further ordered that

2. Plaintiffs may effect service on the China Defendants by mailing a copy of the Amended Class Action Complaint For Violations of Federal Securities Laws (D.E. 17) and summons to the counsel who are representing the China Defendants in a related derivative action, *Barna Capital Group Ltd. v. Shiping, et al.*, Case No. A-18-772474-B (Nev. Dist. Ct. Clark Cnty.), Michael Gayan, Esq. and Jon Randall Jones, Esq. of the law

firm Kemp, Johnes & Coulthard, LLP.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/26/2019 3:04:43 PM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
    File