**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRACY VANDERHOEF, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA AUTO LOGISTICS INC., et al.,<br><br>Defendants. | Case No: 2:18-cv-10174-CCC-SCM<br><br>Honorable Claire C. Cecchi, U.S.D.J.<br>Honorable Edward S. Kiel, U.S.M.J. |

**BRIEF IN SUPPORT OF PAUL E. PARAY'S
MOTION TO WITHDRAW AS COUNSEL**

Paul E. Paray
Paray Law Group
65 Harristown Road, Suite 208
Glen Rock, NJ 07452
(201) 281-5134
paulp@paraylaw.com

Counsel for Defendants Lv Fuqi,
Yang Lili, Bai Shaohua, Tong Shiping,
Cheng Weihong, and Wang Xinwei

**PRELIMINARY STATEMENT**

Despite representing Defendants Lv Fuqi, Yang Lili, Bai Shaohua, Tong Shiping, Cheng Weihong, and Wang Xinwei collectively the "Individual Defendants," since January 20, 2020, movant has only interacted with lead counsel and what was assumed to be the Individual Defendants' counsel in China. As it turns out such counsel in China only represents Defendant China Auto Logistics Inc. ("CALI") – a company that filed for bankruptcy during the pendency of this matter. Given that the Individual Defendants are either unable or unwilling to cooperate with movant, movant has no choice but to withdraw as counsel pursuant to the applicable retainer agreement and Rules.

**ARGUMENT**

Under L. Civ. R. 102.1, an attorney may withdraw an appearance with leave of court. Whether to permit an attorney to withdraw is within the sound discretion of the court. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). In determining whether the Court will grant withdrawal, the Court considers the following factors: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay resolution of the case." *Haines v. Liggett Group, Inc*., 814 F. Supp. 414, 423 (D.N.J. 1993).

The Court also considers the criteria set forth in Rule 1.16 of the New Jersey Rules of Professional Conduct ("RPC 1.16"). *Rusinow*, *supra*, 920 F. Supp. at 71; *Haines*, 814 F. Supp. at 22. In pertinent part, RPC 1.16 provides that "[e]xcept as stated in [RPC 1.16(c)], a lawyer . . . may withdraw from the representation of a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning

that the lawyer will withdraw unless the obligation is fulfilled; [or] the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client . . . ." RPC 1.16(b)(5)-(6).

Applying these standards, the Court should grant the movant leave to withdraw. The Individual Defendants have failed to fulfill a fundamental obligation to counsel regarding counsel's services by failing to provide current contact information or cooperate in their defense. Specifically, the retainer agreement requires that the Individual Defendants comply as follows:

> • to be truthful with us and cooperate fully with us in the matters in which we represent you;
> • to provide us promptly with all information and documentation available to you that is relevant to our representation, and to keep us informed of new information and developments relevant to our representation when you become aware of them;
> • to appear when necessary at depositions, hearings, and other legal proceedings;
> • to keep us apprised of your location and contact details
> • to pay for our services and expenses as provided in this Agreement.

Moreover, movant can withdraw as counsel pursuant to the retainer agreement. *See* Declaration of Paul E. Paray, dated August 30, 2021, Exhibit "A", Section III ("PLG may terminate this Agreement and withdraw its representation of you at any time upon written notice effective upon receipt by you and to the extent permitted by law.")

Movant has only been able to communicate with lead counsel in Nevada and Rocky Lee, an attorney based in Beijing, who serves as CALI's outside counsel. Mr. Lee is a partner at the King & Wood Mallesons law firm. On August 24, 2021, Mr. Lee informed movant that he could not speak for the Individual Defendants and directed him to Mr. Tongxin – who was, in turn, was informed by movant on August 26, 2021 as to the reasons for the pending motion to withdraw:

> My firm will move to Withdraw given there has been no cooperation with the clients, including any communications necessary for a proper representation. Such conduct is also in violation of the retainer agreement. Moreover, there is no indication that the Individual Defendants are either able to or willing to pay for legal expenses incurred – also in violation of the retainer agreement. Given these violations of the retainer agreement, my firm has no choice but to withdraw as counsel.

Paray Decl., Exh. "B".

Movant recently drafted and filed the Answer to the Amended Complaint so respectfully the Individual Defendants now have sufficient time to locate suitable counsel prior to the upcoming conference call with Judge Kiel scheduled for October 20, 2021. Moreover, lead counsel recently provided Plaintiffs with court-ordered initial discovery in preparation for the October hearing. To that end, there is currently no discovery owed to Plaintiffs or outstanding obligation owed to the Court by the Individual Defendants. Paray Decl., ¶ 6.

## **CONCLUSION**

For the reasons set forth above, Paul E. Paray respectfully requests that this Court grant his Motion to Withdraw as Counsel.

Dated: August 30, 2021

/s/ Paul E. Paray
Paul E. Paray
Paray Law Group
65 Harristown Road, Suite 208
Glen Rock, NJ 07452
Telephone: (201) 281-5134
Facsimile: (201) 301-9171
paulp@paraylaw.com

Counsel for Defendants
Lv Fuqi, Yang Lili, Bai Shaohua,
Tong Shiping, Cheng Weihong,
and Wang Xinwei